**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Otis Edward Gibson, Appellant.

Appellate Case No. 2019-002069

───────────────

Appeal From Greenville County
Robin B. Stilwell, Circuit Court Judge

───────────────

Unpublished Opinion No. 2022-UP-447
Submitted November 1, 2022 – Filed December 14, 2022

───────────────

**AFFIRMED**

───────────────

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Ambree Michele Muller, both of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, all for Respondent.

───────────────

**PER CURIAM:** Otis Edward Gibson appeals his conviction of two counts of criminal sexual conduct with a minor (Minor) in the first degree and aggregate sentence of twenty-five years' imprisonment. On appeal, Gibson argues the trial

court erred when it did not allow testimony about an alleged sexual assault against one of Minor's siblings (Sibling). Gibson argues this testimony should have been admitted as a prior inconsistent statement. We affirm.

We hold the trial court did not err by excluding the testimony about Sibling's statement because Rule 613(b), SCRE, only provides for the admission of a prior inconsistent statement by the testifying witness, not a statement by another individual. Thus, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: Rule 613(b), SCRE ("Extrinsic evidence of a prior inconsistent statement *by a witness* is not admissible unless the witness is advised of the substance of the statement, the time and place it was allegedly made, and the person to whom it was made, and is given the opportunity to explain or deny the statement." (emphasis added)); *State v. Stokes*, 381 S.C. 390, 398-99, 673 S.E.2d 434, 438 (2009) ("A prior inconsistent statement may be admitted as substantive evidence when the declarant testifies at trial and is subject to cross-examination."); *State v. Bixby*, 388 S.C. 528, 550-53, 698 S.E.2d 572, 584-85 (2010) (holding that the State was able to introduce prior inconsistent statements of defendant's mother after she testified and was presented with the substance of her prior statement, the time and place she made the statement, the person to whom she made the statement, and was given the opportunity to deny it).

**AFFIRMED.**[1]

**KONDUROS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.